NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXIS BERMUDEZ,<br><br>**Plaintiffs,**<br><br>v.<br><br>GOLDMAN RUSSELL, P.C.; and DOES 1 TO 10 inclusive<br><br>**Defendants.** | Civil Action No. 12-5674 (PGS)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant's motion to dismiss the Complaint (ECF No. 4). For the reasons set forth below, the motion is granted without prejudice.

**I.**

Plaintiff's Complaint alleges that Defendant violated numerous provisions of the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff claims that Defendant violated the following FDCPA provisions:

(a)   15 USC § 1692d, by engaging in conduct, the natural consequences of which is to harass, oppress, or abuse any person in collection of an alleged debt;

(b)   15 USC § 1692e, by using false, deceptive or misleading representations in collection of the debt;

(c)   15 USC § 1692e(4), by giving a false representation that nonpayment of the alleged debt will result in garnishment of wages;

(d)   15 USC § 1692e(5), by threating legal action Defendant does not intend to take;

(e) 15 USC § 1692e(10), by using false representation or deceptive means in collection of the alleged debt;

(f) 15 USC § 1692e(11), by failing to disclose in a communication subsequent to the initial communication, that it was from a debt collector;

(g) 15 USC § 1692f, by using unfair or unconscionable means in connection with the collection of the debt; and

(h) 15 USC § 1692g(b), by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt.

Plaintiff alleges that Defendant threatened to garnish her wages with no standing to do so. Plaintiff argues that Defendant's only recourse in the matter would be to refer the matter back to the original creditor with a recommendation to a initiate legal proceeding which could result in garnishment of Plaintiff's wages. Plaintiff further alleges that Defendant threatened to take legal action against her with no standing to commence such action. Plaintiff again argues that Defendant's only recourse would be to refer the matter back to the original creditor with a recommendation to initiate a legal proceeding. Plaintiff also contends that within one year preceding the filing of the Complaint, Defendant left a voicemail message for her without identifying that the communication was from a debt collector. Plaintiff further alleges that within one year preceding the filing of the Complaint, and during the first 30-days of communicating with her, Defendant demanded payment from her, which overshadowed her right to dispute the validity of debt.

## II.

Rule 8(a)(2) of the Federal Rules of Civil Procedure states: "[a] pleading that states a claim for relief must contain: a short and plain statement of the claim showing that the pleader is entitled to relief." As the Third Circuit notes, "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in

2

the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007)).

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See, e.g., *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949.

The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); see also *Iqbal*, 129 S. Ct. at 1949-50.

### III.

Congress enacted the FDCPA in 1977 in response to the inadequacy of remedies available to consumers after recognizing the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress noted its concern that "abusive debt collection practices contribute to the number of personal

bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy." *Id*. The three-prong purpose of the act is "[1] to eliminate abusive debt collection practices by debt collectors, [2] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and [3] to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To accomplish these goals, Congress provided consumers with a private cause of action against debt collectors who fail to comply with the Act's provisions. 15 U.S.C. § 1692(k).

## IV.

While Plaintiff brings causes of action for the violation of Sections 1692d and 1962f of the FDCPA, the factual allegations in support of these claims are simply that the natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Plaintiff and Defendant, and that Defendant used unfair and unconscionable means to collect Plaintiff's debt by lying to and misleading Plaintiff. These conclusory factual allegations do not satisfy the pleading requirements of Rule 8(a)(2), and do not demonstrate the plausibility of Plaintiff's claims. *See Iqbal*, 129 S. Ct. at 679; *Twombly*, 550 U.S. at 555.

Plaintiff's causes of action for violations of Sections 1692e, 1692e(4), 1629e(5), and 1692e(10) of the FDCPA rely upon her allegations that Defendant threatened to garnish her wages and initiate legal proceedings against her, and that Defendant's representations regarding these matters were false. The FDCPA states, in part, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 USC § 1692e. The FDCPA further states that without limiting the foregoing, the following conduct is a violation of Section 1692e:

4

> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, *garnishment*, attachment, or sale of any property or wages of any person unless such action is *lawful* and the debt collector or creditor intends to take such action (emphasis added).
>
> (5) The threat to take any action that *cannot legally be taken* or that is not intended to be taken (emphasis added).
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

An analysis of these causes of action and Plaintiff's factual allegations in support thereof demonstrates that Plaintiff's allegations are a clear example of the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As such, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" a motion to dismiss should be granted. *Iqbal*, 129 S. Ct. at 679.

Plaintiff's cause of action under Section 1692e(11) of the FDCPA seemingly relies upon the allegation that Defendant left a voicemail message without identifying that the communication was from a debt collector. However, Plaintiff has not pled enough facts to establish a plausible claim. See *Iqbal*, 129 S. Ct. at 679; *Twombly*, 550 U.S. at 555. Further, as the court in *Phillips* has said, "a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d *at* 233.

Plaintiff's cause of action under 1692g(b) seemingly relies upon the allegation that Defendant demanded payment within the first 30-days, and thereby overshadowed Plaintiff's rights to dispute the validity of the debt. The relevant provision of the FDCPA states:

> (b) *If the consumer notifies the debt collector in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt

> collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  15 USC § 1692g(b) (emphasis added).

Plaintiff's claim for relief merely states legal conclusions without alleging any required facts that Defendant violated 1692g(b), such as that the consumer notified the debt collector in writing.  As the Supreme Court stated in *Iqbal,* "it [the court] will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." *Iqbal*, 129 S. Ct. at 1949.

## ORDER

For the reasons set forth above,

IT IS on this 5th day of April, 2013;

ORDERED Defendant's motion to dismiss (ECF No. 4) is granted without prejudice.  Plaintiff is granted leave to file an amended complaint within 30 (thirty) days.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.